RICHARD DUNNIGAN

v.

ELI F. STEVENS, Adm'r, etc.

ADMINISTRATION OF ESTATES—CLAIMS NOT DUE.—Sec. 67, Chap. 3, R. S., providing for presenting claims not due for allowance, is to be construed as applying only to cases where the liability is absolute, and not where it is merely contingent, like the liability of an indorser of a promissory note not yet due.

ERROR to the Circuit Court of Edgar county; the Hon. C. B. SMITH, Judge, presiding.   Opinion filed February 25, 1886.

Mr. R. L. McKINLAY, Mr. HUGH D. ROQUET and Messrs WHITEHEAD & JONES, for plaintiff in error.

Mr. T. J. GOLDEN, for defendant.

WALL, P. J.   It appears from the record that one Kisner

made and delivered to C. R. Stevens, now deceased, his promissory notes, eleven in number, amounting in the aggregate to $7,500, and to secure the payment thereof executed a mortgage upon certain lands in Sullivan county, Indiana.

These notes were all dated January 1, 1881, the last falling due January 1, 1891, and were payable to said Stevens in bank. Stevens indorsed to Dunnigan, plaintiff in error, the notes numbered 5, 7, 8, 9, 10 and 11, and the others were afterward, by the administrator of Stevens, indorsed to John J. Brake.

Stevens having died intestate in Clark county, Illinois, Dunnigan filed a claim in the county court against his estate for the amount of the principal and interest accrued upon said notes so indorsed to the claimant. The county court disallowed the claim, from which order an appeal was taken to the circuit court, where an allowance was made in favor of the claimant for $560, the amount of the interest then due, the interest on all the notes being payable annually, and because the claim was not presented until after the term fixed by the administrator for adjustment, the claimant was taxed with the cost. The case is now brought here by writ of error, and the question is, whether the claimant was entitled to the amount of the principal of said notes, none of them having matured by their terms when the claim was filed in the county court.

The indorsement was made in the State of Indiana, and the contract is to be construed according to the law of that State. The notes were payable in bank and contained a provision by which the indorsers waived presentment for payment, protest and notice of protest and non-payment. By the statutes of Indiana, if a note is payable in bank it is negotiable, as are inland bills of exchange, and the payees and indorsees may recover, as in the case of such bills. Hence the indorser is bound, according to the rule of the law merchant, to pay the amount of the notes if the maker fails to do so when they become due, demand for payment, protest and notice being waived; but the indorser can not be called upon till the notes fall due respectively. It is, however, insisted that by virtue of certain legal proceedings the time of payment has been accelerated.

As shown by the record, a suit was commenced in the Circuit Court of Sullivan county, Indiana, by said Brake against said Kisner and Dunnigan, to enforce the rights of Brake in reference to the notes held by him, and the mortgage given to secure them. In that suit a judgment was rendered in favor of Brake, against Kisner, for the amount due on the notes held by Brake, and upon a cross-complaint filed by said Dunnigan, he recovered a judgment for the full amount of all the notes he'd by him, though none of them were due.

The court adjusted the priorities between Brake and Dunnigan as to their respective liens upon the mortgaged property, and ordered a sale and distribution of the proceeds accordingly, which order seems to have been duly executed, and the amount realized was sufficient to pay Brake in full, and some $500 to Dunnigan.

An execution was awarded and issued in favor of Dunnigan against Kisner, but was returned not satisfied. There was nothing in the notes by which these proceedings, resulting in a personal judgment against Kisner before the maturity of the notes, is authorized, and the warrant for it, if any, must be in some provision of law peculiar to the State of Indiana. It may be that such a provision of the local law would modify the general rule of the law merchant, and that it might be held to enter into and form a part of the contract of indorsement.

This is a question not before us for decision, and upon which opinion need not be expressed. The defendant in error was not a party to that proceeding, and, however proper it may be, he is therefore not affected by it. The judgment in that proceeding can not be held to modify the liability of one whom it does not conclude.

It is, however, urged that under the statute of Indiana the indorser may be sued jointly with the maker, or jointly and severally with him, and that as the liability of the maker has been established the indorser is also liable. This is but another statement of the proposition that the indorser is bound by the judgment, to which we are unable to agree.

It is suggested in behalf of plaintiff in error that the allow-

ance should be made under Sec. 67, Ch. 3, R. S., which provides that any creditor whose debt or claim is not due may nevertheless present the same for allowance and settlement, and the claims shall be allowed by deducting a rebate of interest to be computed from the time of the allowance to the time when the debt would become due, according to the tenor and effect of the contract.

We think this provision, which is in derogation of common law right, is to be construed as applying only to cases where the liability is absolute and not where it is merely contingent. These notes are not yet mature. The time has not yet come when the maker is by the terms of the notes bound to pay, nor when in any event the indorser can be held liable. The contingency may not arise, and we are not inclined to hold that this purely contingent liability constitutes a claim or debt within the meaning of this provision of the statute.

We are of opinion the circuit court properly applied the law and the judgment is therefore affirmed.

Affirmed.